ORIGINAL

CARMEN A. TRUTANICH, City Attorney - SBN 86629x
GARY G. GEUSS, Chief Assistant City Attorney
CORY BRENTE, Assistant City Attorney
CHRISTIAN R. BOJORQUEZ, Deputy City Attorney - SBN 192872
christian.bojorquez@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6900, Fax No.: (213) 978-8785

*Attorneys for Defendants* CITY OF LOS ANGELES, JOHN MACCHIARELLA, EFREN GUITERREZ, TERENCE KEYZER, GENE PARSHALL, CHARLIE BECK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. ARCH,<br><br>              Plaintiff,<br><br>      vs.<br><br>DET. GENE PARSHALL, DET. JOHN MACCHIARELLA, DET. EFRIN GUITERREZ, DET. TERENCE KEYZER, WILLIAM BRATTON, CHARLES BECK, JOHN DOE, LOS ANGELES POLICE DEPARTMENT, CITY OF LOS ANGELES, and TEN UNKNOWN NAMED DEFENDANTS ("DOES" 1-10), inclusive,<br>              Defendants | CASE NO.: CV11-04454 DSF (PJWx)<br><br>Assigned to: Honorable Dale S. Fischer<br>Assigned to: Magistrate Patrick J. Walsh<br><br>**STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS** |

**TO THE HONORABLE COURT:**

After the Plaintiff EDWARD ARCH, individually, (hereinafter referred to as "Plaintiff"), by and through his attorneys of record, Jeff Dominic Price, Esq, by and through Jeff Dominic Price, Esq. and Defendants CITY OF LOS ANGELES, LOS

| | |
|---:|---|
| 1 | ANGELES POLICE DEPARTMENT, JOHN MACCHIARELLA, |
| 2 | EFREN GUITERREZ, TERENCE KEYZER, GENE PARSHALL, CHARLIE BECK |
| 3 | (hereinafter referred to as "Defendants"), by and through their attorneys of record, |
| 4 | Carmen A. Trutanich, City Attorney, Cory M. Brente, Supervising Assistant City |
| 5 | Attorney and Christian R. Bojorquez conferred regarding outstanding discovery |
| 6 | issues. **IT IS HEREBY STIPULATED AND AGREED** between the parties hereto, |
| 7 | by their undersigned counsel of record, that the following Protective Order, and its |
| 8 | terms shall govern documents that are designated confidential documents and/or |
| 9 | writings because Defendants believe, in good faith, that these documents and/or |
| 10 | writings are privileged, confidential, private or sensitive nature. This will be |
| 11 | accomplished by affixing to such document or writing a legend, such as |
| 12 | "Confidential," "Confidential Documents," "Confidential Documents Subject to |
| 13 | Protective Order" or words of similar effect. Documents and writings so designated, |
| 14 | and all information derived therefrom (hereinafter, collectively, "Confidential |
| 15 | Information"), shall be treated in accordance with the terms of this |
| 16 | stipulation/protective order. |
| 17 | |
| 18 | |
| 19 | *I.   GOOD CAUSE STATEMENT* |
| 20 | City Defendants provide the following "Good Cause Statement." It should be |
| 21. | noted that Plaintiff does not necessarily agree with the assertion of good cause, but |
| 22 | has agreed to sign the stipulation in an attempt to narrow down any discovery |
| 23 | disputes that may remain. |
| 24 | |
| 25 | **A.   *Administrative Documentation:*** |
| 26 | The Los Angeles Police Department conducts internal administrative |
| 27 | investigations of Officer Involved Uses of Force and Complaint Investigations |
| 28 | (hereinafter "Administrative Investigations") and also maintains a personnel file on |

its officers which includes personnel training information. Once an Administrative Investigation is initiated, a formal investigation number is prepared. Such investigations are reviewed by appropriate command officers in the Department. This review has several purposes: (1) to determine whether the involved officers violated any Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; and (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc. should be modified. Administrative Investigations are an essential aid to providing critical evaluation of Department officers and policies, and to determine the most effective way to serve the citizens of Los Angeles.

The Department strives to maintain the confidentiality of an officer's personnel package and Administrative Investigations, and the information contained therein, in recognition of the protections granted pursuant to Penal Code §§ 832.5, 832.7, and 832.8 and 1040 et al. of the California Evidence Code. Just as officer's personnel package is maintained as confidential, so too are the Administrative Investigations involving a particular officer(s). Administrative Investigations, like an officer's personnel package, include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within. The information obtained from personnel packages and Administrative Investigations can, and have been used to initiate disciplinary action against officers, as well as evidence in disciplinary proceedings where the officer's conduct was considered to be contrary to Department policy. At this time, the parties have agreed that certain Administrative Investigation information will be provided pursuant to the terms set forth in this Protective Order, as well as the underlying Use of Force Report & Complaint Investigation Materials. As a result, the parties have agreed to this Proposed Protective Order covering these records for the following Good Cause reasons:

. . .

a. Administrative Investigations are maintained as confidential reports and are considered part of the individual officers' personnel record. Administrative Investigations include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within. The information obtained from Administrative Investigations can and have been used to initiate disciplinary action against officers and as evidence in disciplinary proceedings where the use of force or tactics used were considered to be contrary to Department policy.

b. Unfettered release of Administrative Investigations have the potential for untold negative results. In terms of societal interests, it would inhibit the Department's ability to frankly engage in critical self-analysis. Public exposure of many Administrative Investigations could severely threaten the safety and well-being of the individuals, their families and associates. Many Administrative Investigations include embarrassing facts. At a minimum, disclosure of an entire Administrative Investigation would cause needless intrusion of privacy rights and have a negative effect on the Department's effort to conduct these important investigations. Indeed, for all of these reasons, persons interviewed by Investigators are advised that their statements are being taken for the confidential use of the Department.

c. The materials and interview statements of Administrative Investigations are maintained in protected files in order to maintain their confidentiality. They are not routinely shown to other city departments. Even then, information which is not clearly relevant to the rationale governing the request is redacted to ensure the utmost regard for the privacy rights of the mentioned within a given report. The reports are not available to the general public except by court order. In all instances, the Department requests *in camera* hearing to determine the relevance for releasing all or part of a given report, again to ensure the constitutionally protected privacy rights of those named or otherwise identified within the body of the report.

. . .

        d.      In each case involving court-ordered disclosure of information from a Administrative Investigation sought in state or federal court, it is Department policy to seek a protective order limiting use of the information to the case at trial and identifying those persons who may properly be granted access to the information. Absent a protective order, it becomes unrealistic to conceive that the large numbers of attorneys, secretaries, law clerks, paralegals and witnesses involved in many cases will be able to maintain proper confidence of personal, private material absent an order which clearly delineates their responsibilities. The orders further request that said records be returned to the Department after the case has terminated, either by final judgment or otherwise. This request serves to ensure that intrusion into the privacy and employment rights of those involved is limited to the particular case in which the facts are relevant.

        e.      Even with a carefully written protective order, the release of portions of an Administrative Investigation, without prior judicial review to determine relevancy and assess privacy concerns, ignores the constitutional protection given to individual privacy under the United States and California Constitutions and which a third-party such as the Department is obligated to assert. The issuance of an appropriate protective order makes certain that these privacy concerns are not compromised beyond that degree necessary to the issues before the court. Accordingly, on behalf of the Los Angeles Police Department and those persons identified within a given Administrative Investigation, the Defendants respectfully request these procedural protections in the instant case.

**B.**    *Murder Book Investigation & Related Documentation:*

        The Los Angeles Police Department conducts thorough Investigations of Crimes that take place within the City of Los Angeles. Within Homicide Investigations, Investigations (hereinafter "Murder Investigations"), the Investigators maintain a "Murder Book" regarding their Investigation which includes personal,

private and some privileged information that is not always disclosed to made known to the ultimate Defendant(s) in a criminal case, other than their Counsel. Once an Murder Investigation is initiated, these Murder Books are an essential aid to providing critical evaluation of the underlying Murder Investigation.

      The Department strives to maintain the confidentiality of this information and provides the Murder Book to the Prosecuting Entity who thereafter discloses the information to Counsel for the Defense. Murder Investigations include information which is both personal in nature and could potentially impact the safety of the involved parties and/or civilians named within. At this time, the parties have agreed that the Murder Book will be provided pursuant to the terms set forth in this Protective Order, as well as the underlying Complaint Investigation Materials. As a result, the parties have agreed to this Proposed Protective Order covering these records for the following Good Cause reasons:

      a.     Administrative Investigations are maintained as confidential reports and are considered part of the individual officers' personnel record. Administrative Investigations include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within. The information obtained from Administrative Investigations can and have been used to initiate disciplinary action against officers and as evidence in disciplinary proceedings where the use of force or tactics used were considered to be contrary to Department policy.

      b.     Unfettered release of information contained in a Murder Investigation have the potential for untold negative results. Public exposure of information accumulated through Murder Investigations could severely threaten the safety and well-being of the individuals, their families and associates. At a minimum, disclosure of an entire Murder Investigation would cause needless intrusion of privacy rights and have a negative effect on the Justice System and the Department's effort to conduct these important investigations. Indeed, for all of these reasons, persons

interviewed by Investigators are advised that their statements are being taken for the confidential use of the Department.

  c. The materials and interview statements of Murder Investigations are maintained in privacy in order to maintain their confidentiality. They are not routinely shown to other uninvolved individuals. Even then, information which is not clearly relevant to the rationale governing the request is redacted to ensure the utmost regard for the privacy rights of the mentioned within a given report.

  d. In each case involving court-ordered disclosure of information from a Murder Investigation sought in state or federal court, it is Department policy to seek a protective order limiting use of the information to the case at trial and identifying those persons who may properly be granted access to the information. Absent a protective order, it becomes unrealistic to conceive that the large numbers of attorneys, secretaries, law clerks, paralegals and witnesses involved in many cases will be able to maintain proper confidence of personal, private material absent an order which clearly delineates their responsibilities. The orders further request that said records be returned to the Department after the case has terminated, either by final judgment or otherwise. This request serves to ensure that intrusion into the privacy and employment rights of those involved is limited to the particular case in which the facts are relevant.

  e. Even with a carefully written protective order, the release of portions of a Murder Investigation, without prior judicial review to determine relevancy and assess privacy concerns, ignores the constitutional protection given to individual privacy under the United States and California Constitutions and which a third-party such as the Department is obligated to assert. The issuance of an appropriate protective order makes certain that these privacy concerns are not compromised beyond that degree necessary to the issues before the court. Accordingly, on behalf of the Los Angeles Police Department and those persons identified within a given Murder Investigation, the Defendants respectfully request these procedural

1 protections in the instant case.

## II.  TERMS OF THE PROTECTIVE ORDER

1. Defendants and Plaintiff have agreed that the below-listed documents shall be designated confidential documents and/or writings because Defendants believe, in good faith, that these documents and/or writings are privileged, confidential, private or sensitive nature. This will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. Documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order.

Whereas plaintiff has propounded a request for production of documents upon defendants pertaining to official and confidential information, contained in documents maintained by the Los Angeles Police Department, and whereas the parties having met and conferred, and stipulated to the following terms and conditions, the Court hereby orders as follows:

1. Defendants may designate as confidential any document or writing that they, in good faith, believe contains information of a privileged, confidential, private or sensitive nature, by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Documents Subject to Protective Order" or words of similar effect. Documents and writings so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

2. If Plaintiff's counsel believes that any document, writing or information that has been designated by Defendants as Confidential (or an equivalent designation) does not warrant that designation Plaintiff's counsel will advise

Defendants' Counsel. The parties will attempt in good faith to resolve the question of whether the designation is warranted. If the parties are unable to resolve the matter informally, the disagreement will be resolved by the Magistrate Judge (or District Judge, if appropriate). Notwithstanding Plaintiff Counsel's belief that a document, writing or information that has been designated by Defendants as Confidential (or an equivalent designation) does not warrant that designation, Plaintiff's counsel will continue to treat it as such in accordance with the terms of this Protective Order unless and until the parties agree otherwise or the Court orders otherwise.

3. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation. It may not be utilized to seek discovery on any other matter and/or case.

4. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a) Counsel for the parties, parties (w/exception that Plaintiff may not be provided with a copy of the Murder Book), and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

(b) Such other parties as may be agreed by written stipulation among the parties hereto, or by Court order; and

(c) All Court Personnel in which this case is assigned.

5. Prior to the disclosure of any Confidential Information to any person described in paragraph 4(a) or 4(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order.

> I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
> Dated: _____ /s/ _____ "

6. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the Defendant City of Los Angeles through the City Attorney's Office. All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants.

7. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. It should be noted that in no event should production or disclosure be made without written approval by the Defendants' counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

8. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and maintained under seal.

9. The parties agree that the spirit of confidentiality as protected in this order will apply to all proceedings. To that end, before any protected document or any information derived therefrom is to be put forward, admitted into evidence, discussed in detail or otherwise publicized in Court, the party raising the protected

document will inform the other parties and allow for a motion to the Court to close the proceedings to the public.

10. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on any evidentiary grounds including but not limited to relevance and privilege.

11. During the course of depositions, when counsel makes an objection to a question concerning a protected document or information contained therein, which is the subject of this Stipulation and protective order, or concerning a general area that counsel believes should be covered by the scope of this Stipulation and protective order, those witnesses (as identified in Paragraph 4(a) herein) may answer the question, without waiving the objections, and the questions and answers to those questions will be sealed and covered by the terms of this protective order. Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Stipulation and protective order. Any documents deemed confidential pursuant to this protective order will be sealed, if they are used as exhibits in any deposition. This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order.

12. This Protective Order survives settlement, trial and/or appeal.

13. This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document. Defendants will lodge this executed Stipulation with the Court for approval.

. . .

. . .

. . .

. . .

. . .

*Arch-Protective Order*      11

14. As a condition of this Protective Order, it is agreed that in the event this case is remanded/transferred out of the Federal Forum to State Court or equivalent, all Confidential/Murder Investigation Documentation and all copies thereof shall be returned to the Defendant City of Los Angeles through the City Attorney's Office. All Confidential/Murder Investigation Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants.

*IT IS SO STIPULATED:*

Dated: October 2.4, 2012

**JEFF DOMINIC PRICE**

By: _____
JEFF DOMINIC PRICE, Esq.
Attorneys for Plaintiff EDWARD ARCH

Dated: October 24, 2012

**CARMEN A. TRUTANICH**, City Attorney

By _____
CHRISTIAN R. BOJORQUEZ, Deputy City Attorney
Attorneys for Defendants

*IT HEREBY IS SO ORDERED:*

Dated: Oct. 29, 2012        _____
HON. PATRICK J. WALSH
United States Magistrate Judge

*Presented by:*

/S/
Christian R. Bojorquez, DCA

Arch-Protective Order                     12