ORIGINAL

1  **CARMEN A. TRUTANICH**, City Attorney - **SBN 86629x**
   **GARY G. GEUSS**, Chief Assistant City Attorney
2  **CORY BRENTE**, Assistant City Attorney
   **CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney - **SBN 192872**
3  christian.bojorquez@lacity.org
   200 North Main Street, 6th Floor, City Hall East
4  Los Angeles, CA 90012
   Phone No.: (213) 978-6900, Fax No.: (213) 978-8785
5

6  *Attorneys for Defendants* **CITY OF LOS ANGELES**, JOHN MACCHIARELLA,
   EFREN GUITERREZ, TERENCE KEYZER, GENE PARSHALL, CHARLIE BECK
7

8                    UNITED STATES DISTRICT COURT
9
                     CENTRAL DISTRICT OF CALIFORNIA
10

11  EDWARD L. ARCH,                         )  CASE NO.: CV11-04454 DSF (PJWx)
                                            )
12                                          )  Assigned to: Honorable Dale S. Fischer
                   Plaintiff,               )  Assigned to: Magistrate Patrick J. Walsh
13                                          )
           vs.                              )  *STIPULATION AND [PROPOSED]*
14                                          )  *PROTECTIVE ORDER RE PRIVILEGED*
                                            )  *DOCUMENTS*
15  DET. GENE PARSHALL, DET.                )
    JOHN MACCHIARELLA, DET.                 )
16  EFRIN GUITERREZ, DET.                   )
    TERENCE KEYZER, WILLIAM                 )
17  BRATTON, CHARLES BECK,                  )
    JOHN DOE, LOS ANGELES                   )
18  POLICE DEPARTMENT, CITY OF              )
    LOS ANGELES, and TEN                    )
19  UNKNOWN NAMED                           )
    DEFENDANTS ("DOES" 1-10),              )
20  inclusive,                              )
                   Defendants               )
21  _____     )

22

23

24  *TO THE HONORABLE COURT:*

25

26       After the Plaintiff EDWARD ARCH, individually, (hereinafter referred to as

27  "Plaintiff"), by and through his attorneys of record, Jeff Dominic Price, Esq, by and

28  through Jeff Dominic Price, Esq. and Defendants CITY OF LOS ANGELES, LOS

    *Arch-Protective Order*                        1

1  ANGELES POLICE DEPARTMENT, JOHN MACCHIARELLA,

2  EFREN GUITERREZ, TERENCE KEYZER, GENE PARSHALL, CHARLIE BECK

3  (hereinafter referred to as "Defendants"), by and through their attorneys of record,

4  Carmen A. Trutanich, City Attorney, Cory M. Brente, Supervising Assistant City

5  Attorney and Christian R. Bojorquez conferred regarding outstanding discovery

6  issues. **IT IS HEREBY STIPULATED AND AGREED** between the parties hereto,

7  by their undersigned counsel of record, that the following Protective Order, and its

8  terms shall govern documents that are designated confidential documents and/or

9  writings because Defendants believe, in good faith, that these documents and/or

10 writings are privileged, confidential, private or sensitive nature. This will be

11 accomplished by affixing to such document or writing a legend, such as

12 "Confidential," "Confidential Documents," "Confidential Documents Subject to

13 Protective Order" or words of similar effect. Documents and writings so designated,

14 and all information derived therefrom (hereinafter, collectively, "Confidential

15 Information"), shall be treated in accordance with the terms of this

16 stipulation/protective order.

17

18

19 *I.   GOOD CAUSE STATEMENT*

20      City Defendants provide the following "Good Cause Statement." It should be

21 noted that Plaintiff does not necessarily agree with the assertion of good cause, but

22 has agreed to sign the stipulation in an attempt to narrow down any discovery

23 disputes that may remain.

24

25 *A.    Administrative Documentation:*

26      The Los Angeles Police Department conducts internal administrative

27 investigations of Officer Involved Uses of Force and Complaint Investigations

28 (hereinafter "Administrative Investigations") and also maintains a personnel file on

*Arch-Protective Order*                        2

1   its officers which includes personnel training information. Once an Administrative
2   Investigation is initiated, a formal investigation number is prepared. Such
3   investigations are reviewed by appropriate command officers in the Department. This
4   review has several purposes: (1) to determine whether the involved officers violated
5   any Department policies or procedures; (2) to determine whether administrative
6   discipline and/or retraining of the involved officers is necessary; and (3) to ascertain
7   if police policies and procedures in such areas as supervision, training, tactics,
8   policies, etc. should be modified. Administrative Investigations are an essential aid to
9   providing critical evaluation of Department officers and policies, and to determine the
10  most effective way to serve the citizens of Los Angeles.

11          The Department strives to maintain the confidentiality of an officer's personnel
12  package and Administrative Investigations, and the information contained therein, in
13  recognition of the protections granted pursuant to Penal Code § § 832.5, 832.7, and
14  832.8 and 1040 et al. of the California Evidence Code. Just as officer's personnel
15  package is maintained as confidential, so too are the Administrative Investigations
16  involving a particular officer(s). Administrative Investigations, like an officer's
17  personnel package, include information which is both personal in nature and could
18  potentially impact the liberty interests of the involved police officers and/or civilians
19  named within. The information obtained from personnel packages and
20  Administrative Investigations can, and have been used to initiate disciplinary action
21  against officers, as well as evidence in disciplinary proceedings where the officer's
22  conduct was considered to be contrary to Department policy. At this time, the parties
23  have agreed that certain Administrative Investigation information will be provided
24  pursuant to the terms set forth in this Protective Order, as well as the underlying Use
25  of Force Report & Complaint Investigation Materials. As a result, the parties have
26  agreed to this Proposed Protective Order covering these records for the following
27  Good Cause reasons:
28  . . .

*Arch-Protective Order*                                    3

a.      Administrative Investigations are maintained as confidential reports and are considered part of the individual officers' personnel record. Administrative Investigations include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within. The information obtained from Administrative Investigations can and have been used to initiate disciplinary action against officers and as evidence in disciplinary proceedings where the use of force or tactics used were considered to be contrary to Department policy.

b.      Unfettered release of Administrative Investigations have the potential for untold negative results. In terms of societal interests, it would inhibit the Department's ability to frankly engage in critical self-analysis. Public exposure of many Administrative Investigations could severely threaten the safety and well-being of the individuals, their families and associates. Many Administrative Investigations include embarrassing facts. At a minimum, disclosure of an entire Administrative Investigation would cause needless intrusion of privacy rights and have a negative effect on the Department's effort to conduct these important investigations. Indeed, for all of these reasons, persons interviewed by Investigators are advised that their statements are being taken for the confidential use of the Department.

c.      The materials and interview statements of Administrative Investigations are maintained in protected files in order to maintain their confidentiality. They are not routinely shown to other city departments. Even then, information which is not clearly relevant to the rationale governing the request is redacted to ensure the utmost regard for the privacy rights of the mentioned within a given report. The reports are not available to the general public except by court order. In all instances, the Department requests in camera hearing to determine the relevance for releasing all or part of a given report, again to ensure the constitutionally protected privacy rights of those named or otherwise identified within the body of the report.

. . .

1    d.    In each case involving court-ordered disclosure of information from a

2    Administrative Investigation sought in state or federal court, it is Department policy

3    to seek a protective order limiting use of the information to the case at trial and

4    identifying those persons who may properly be granted access to the information.

5    Absent a protective order, it becomes unrealistic to conceive that the large numbers of

6    attorneys, secretaries, law clerks, paralegals and witnesses involved in many cases

7    will be able to maintain proper confidence of personal, private material absent an

8    order which clearly delineates their responsibilities.  The orders further request that

9    said records be returned to the Department after the case has terminated, either by

10   final judgment or otherwise.  This request serves to ensure that intrusion into the

11   privacy and employment rights of those involved is limited to the particular case in

12   which the facts are relevant.

13   e.    Even with a carefully written protective order, the release of portions of

14   an Administrative Investigation, without prior judicial review to determine relevancy

15   and assess privacy concerns, ignores the constitutional protection given to individual

16   privacy under the United States and California Constitutions and which a third-party

17   such as the Department is obligated to assert.  The issuance of an appropriate

18   protective order makes certain that these privacy concerns are not compromised

19   beyond that degree necessary to the issues before the court.  Accordingly, on behalf

20   of the Los Angeles Police Department and those persons identified within a given

21   Administrative Investigation, the Defendants respectfully request these procedural

22   protections in the instant case.

23

24   **B.    *Murder Book Investigation & Related Documentation:***

25   The Los Angeles Police Department conducts thorough Investigations of

26   Crimes that take place within the City of Los Angeles.  Within Homicide

27   Investigations, Investigations (hereinafter "Murder Investigations"), the Investigators

28   maintain a "Murder Book" regarding their Investigation which includes personal,

*Arch-Protective Order*                                    5

1 private and some privileged information that is not always disclosed to made known
2 to the ultimate Defendant(s) in a criminal case, other than their Counsel.  Once an
3 Murder Investigation is initiated, these Murder Books are an essential aid to
4 providing critical evaluation of the underlying Murder Investigation.

5     The Department strives to maintain the confidentiality of this information and
6 provides the Murder Book to the Prosecuting Entity who thereafter discloses the
7 information to Counsel for the Defense.  Murder Investigations include information
8 which is both personal in nature and could potentially impact the safety of the
9 involved parties and/or civilians named within.  At this time, the parties have agreed
10 that the Murder Book will be provided pursuant to the terms set forth in this
11 Protective Order, as well as the underlying Complaint Investigation Materials.  As a
12 result, the parties have agreed to this Proposed Protective Order covering these
13 records for the following Good Cause reasons:

14     a.     Administrative Investigations are maintained as confidential reports and
15 are considered part of the individual officers' personnel record.  Administrative
16 Investigations include information which is both personal in nature and could
17 potentially impact the liberty interests of the involved police officers and/or civilians
18 named within.  The information obtained from Administrative Investigations can and
19 have been used to initiate disciplinary action against officers and as evidence in
20 disciplinary proceedings where the use of force or tactics used were considered to be
21 contrary to Department policy.

22     b.     Unfettered release of information contained in a Murder Investigation
23 have the potential for untold negative results.  Public exposure of information
24 accumulated through Murder Investigations could severely threaten the safety and
25 well-being of the individuals, their families and associates.  At a minimum, disclosure
26 of an entire Murder Investigation would cause needless intrusion of privacy rights
27 and have a negative effect on the Justice System and the Department's effort to
28 conduct these important investigations.  Indeed, for all of these reasons, persons

*Arch-Protective Order*                6

1   interviewed by Investigators are advised that their statements are being taken for the

2   confidential use of the Department.

3        c.    The materials and interview statements of Murder Investigations are

4   maintained in privacy in order to maintain their confidentiality. They are not

5   routinely shown to other uninvolved individuals. Even then, information which is not

6   clearly relevant to the rationale governing the request is redacted to ensure the utmost

7   regard for the privacy rights of the mentioned within a given report.

8        d.    In each case involving court-ordered disclosure of information from a

9   Murder Investigation sought in state or federal court, it is Department policy to seek a

10  protective order limiting use of the information to the case at trial and identifying

11  those persons who may properly be granted access to the information. Absent a

12  protective order, it becomes unrealistic to conceive that the large numbers of

13  attorneys, secretaries, law clerks, paralegals and witnesses involved in many cases

14  will be able to maintain proper confidence of personal, private material absent an

15  order which clearly delineates their responsibilities. The orders further request that

16  said records be returned to the Department after the case has terminated, either by

17  final judgment or otherwise. This request serves to ensure that intrusion into the

18  privacy and employment rights of those involved is limited to the particular case in

19  which the facts are relevant.

20       e.    Even with a carefully written protective order, the release of portions of

21  a Murder Investigation, without prior judicial review to determine relevancy and

22  assess privacy concerns, ignores the constitutional protection given to individual

23  privacy under the United States and California Constitutions and which a third-party

24  such as the Department is obligated to assert. The issuance of an appropriate

25  protective order makes certain that these privacy concerns are not compromised

26  beyond that degree necessary to the issues before the court. Accordingly, on behalf

27  of the Los Angeles Police Department and those persons identified within a given

28  Murder Investigation, the Defendants respectfully request these procedural

*Arch-Protective Order*          7

1   protections in the instant case.

2

3            ## II.   TERMS OF THE PROTECTIVE ORDER

4         1.      Defendants and Plaintiff have agreed that the below-listed documents

5   shall be designated confidential documents and/or writings because Defendants

6   believe, in good faith,  that these documents and/or writings are privileged,

7   confidential, private or sensitive nature.  This will be accomplished by affixing to

8   such document or writing a legend, such as "Confidential," "Confidential

9   Documents," "Confidential Material Subject to Protective Order" or words of similar

10  effect.  Documents and writings so designated, and all information derived therefrom

11  (hereinafter, collectively, "Confidential Information"), shall be treated in accordance

12  with the terms of this stipulation/protective order.

13        Whereas plaintiff has propounded a request for production of documents upon

14  defendants pertaining to official and confidential information, contained in

15  documents maintained by the Los Angeles Police Department, and whereas the

16  parties having met and conferred, and stipulated to the following terms and

17  conditions, the Court hereby orders as follows:

18        1.      Defendants may designate as confidential any document or writing

19  that they, in good faith, believe contains information of a privileged, confidential,

20  private or sensitive nature, by affixing to such document or writing a legend, such as

21  "Confidential," "Confidential Documents," "Confidential Documents Subject to

22  Protective Order" or words of similar effect.  Documents and writings so designated,

23  and all information derived therefrom (hereinafter, collectively referred to as

24  "Confidential Information"), shall be treated in accordance with the terms of this

25  stipulation and protective order.

26        2.      If Plaintiff's counsel believes that any document, writing or

27  information that has been designated by Defendants as Confidential (or an equivalent

28  designation) does not warrant that designation Plaintiff's counsel will advise

*Arch-Protective Order*                                8

1  Defendants' Counsel.  The parties will attempt in good faith to resolve the question of

2  whether the designation is warranted.  If the parties are unable to resolve the matter

3  informally, the disagreement will be resolved by the Magistrate Judge (or District

4  Judge, if appropriate).  Notwithstanding Plaintiff Counsel's belief that a document,

5  writing or information that has been designated by Defendants as Confidential (or an

6  equivalent designation) does not warrant that designation, Plaintiff's counsel will

7  continue to treat it as such in accordance with the terms of this Protective Order

8  unless and until the parties agree otherwise or the Court orders otherwise.

9         3.     Confidential Information may be used by the persons receiving

10  such information only for the purpose of this litigation.  It may not be utilized to seek

11  discovery on any other matter and/or case.

12         4.     Subject to the further conditions imposed by this stipulation,

13  Confidential Information may be disclosed only to the following persons:

14            (a)    Counsel for the parties, parties (w/exception that Plaintiff

15  may not be provided with a copy of the Murder Book), and to experts, investigators,

16  paralegal assistants, office clerks, secretaries and other such personnel working under

17  their supervision.

18            (b)    Such other parties as may be agreed by written stipulation

19  among the parties hereto, or by Court order; and

20            (c)    All Court Personnel in which this case is assigned.

21         5.     Prior to the disclosure of any Confidential Information to any

22  person described in paragraph 4(a) or 4(b), counsel for the party that has received and

23  seeks to use or disclose such Confidential Information shall first provide any such

24  person with a copy of this stipulation, and shall cause him or her to execute, on a

25  second copy which counsel shall thereafter serve on the other party the following

26  acknowledgment:

27          "I understand that I am being given access to Confidential

28           Information pursuant to the foregoing stipulation and order.

*Arch-Protective Order*                                      9

I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____ /s/ _____ "

6.     Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the Defendant City of Los Angeles through the City Attorney's Office. All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants.

7.     If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  It should be noted that in no event should production or disclosure be made without written approval by the Defendants' counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

8.     Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and maintained under seal.

9.     The parties agree that the spirit of confidentiality as protected in this order will apply to all proceedings.  To that end, before any protected document or any information derived therefrom is to be put forward, admitted into evidence, discussed in detail or otherwise publicized in Court, the party raising the protected

*Arch-Protective Order*                              10

1  document will inform the other parties and allow for a motion to the Court to close

2  the proceedings to the public.

3        10.    Nothing herein shall prejudice any party's rights to object to the

4  introduction of any Confidential Information into evidence, on any evidentiary

5  grounds including but not limited to relevance and privilege.

6        11.    During the course of depositions, when counsel makes an

7  objection to a question concerning a protected document or information contained

8  therein, which is the subject of this Stipulation and protective order, or concerning a

9  general area that counsel believes should be covered by the scope of this Stipulation

10  and protective order, those witnesses (as identified in Paragraph 4(a) herein) may

11  answer the question, without waiving the objections, and the questions and answers to

12  those questions will be sealed and covered by the terms of this protective order.

13  Counsel and the parties reserve the right to object to the disclosure of confidential or

14  private information which is not the subject of this Stipulation and protective order.

15  Any documents deemed confidential pursuant to this protective order will be sealed,

16  if they are used as exhibits in any deposition.  This agreement does not waive any

17  objections counsel may make, including objections unrelated to the reasons for this

18  protective order.

19        12.    This Protective Order survives settlement, trial and/or appeal.

20        13.    This Stipulation may be signed in sub-parts and may be

21  transmitted by facsimile as if it was the original document.  Defendants will lodge this

22  executed Stipulation with the Court for approval.

23  . . .

24  . . .

25  . . .

26  . . .

27  . . .

28

*Arch-Protective Order*                         11

14.   As a condition of this Protective Order, it is agreed that in the event this case is remanded/transferred out of the Federal Forum to State Court or equivalent, all Confidential/Murder Investigation Documentation and all copies thereof shall be returned to the Defendant City of Los Angeles through the City Attorney's Office.  All Confidential/Murder Investigation Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants.

   **IT IS SO STIPULATED:**

Dated: October 2.4, 2012

**JEFF DOMINIC PRICE**

By:   JEFF DOMINIC PRICE, Esq.

Attorneys for Plaintiff EDWARD ARCH

Dated: October 24, 2012

**CARMEN A. TRUTANICH,** City Attorney

By   **CHRISTIAN R. BOJORQUEZ,** Deputy City Attorney

Attorneys for Defendants

**IT HEREBY IS SO ORDERED:**

Dated: Oct. 29, 2012

HON. PATRICK J. WALSH
*United States Magistrate Judge*

*Presented by:*
_____/S/_____
*Christian R. Bojorquez, DCA*

*Arch-Protective Order*                  12